IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS EARL VAN BUSKIRK, JR.                                    PLAINTIFF

vs.                             Civil No. 4:13-cv-04075

CAROLYN W. COLVIN                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Thomas Earl Van Buskirk, Jr.,  ("Plaintiff") brings this action pursuant to § 205(g) of Title

II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a

final decision of the Commissioner of the Social Security Administration ("SSA") denying his

application for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental

Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed her disability applications for DIB and SSI on March 15, 2010.

(Tr. 11, 169-170).  Plaintiff alleged to be disabled due to schizophrenia, paranoia, headaches,

stomach discomfort, and carpel tunnel syndrome.  (Tr. 209, 248).  Plaintiff alleges an onset date of

November 3, 2007, but it was later amended to November 1, 2009. (Tr. 27, 209).  These applications

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

were denied initially and again upon reconsideration. (Tr. 11, 64-65). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 87-88).

Plaintiff's administrative hearing was held on October 20, 2011. (Tr. 25-58). Plaintiff was present at this hearing and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Russell Bowden testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and had graduated from high school. (Tr. 29).

On February 16, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 11-18). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2014. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 3, 2007, his alleged onset date. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: schizoaffective disorder, personality disorder, and history of substance addiction disorder in remission. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all exertional levels but with the following non-exertional mental limitations: simple, routine tasks with no more than occasional contact with the general public and with co-workers. *Id.*

2

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17). The ALJ found Plaintiff unable to perform his PRW. (Tr. 17, Finding 6). The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an assembler with approximately 40,000 such jobs in Arkansas and 400,000 such jobs in the nation, packer with approximately 60,000 such jobs in Arkansas and 600,000 such jobs in the nation, and as a laundry worker with approximately 8,000 such jobs in Arkansas and 80,000 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 3, 2007 through the date of the decision. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On July 19, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On August 8, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 13, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

## 2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record.  ECF No. 10.  Specifically, Plaintiff claims the following: (1) the ALJ erred in failing to find Plaintiff met a Listing; (2) the ALJ erred in his RFC determination; (3) the ALJ erred by improperly discounting his subjective complaints; and (4) the ALJ erred by not asking a proper hypothetical to the VE.  *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 13.  Because the ALJ erred in his RFC determination and improperly evaluated Plaintiff's subjective complaints, the Court will only address these arguments for reversal.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to the claimed mental impairment.  GAF scores range from 0 to 100.  Am.

Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed.,
text rev. 2000).  The Eighth Circuit has repeatedly held that GAF scores (especially those at or below
40) must be carefully evaluated when determining a claimant's RFC.  *See, e.g., Conklin v. Astrue,*
360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination
in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v.
Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported
by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or
consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score
reflects "a major impairment in several areas such as work, family relations, judgment, or mood."
*Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental
Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).  A GAF score of 40 to 50 also indicates a
claimant suffers from severe symptoms.  Specifically, a person with that GAF score suffers  from
"[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any
serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep
a job)."  Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)*
34 (4th ed., text rev. 2000).

The Plaintiff had a GAF score of 45 when seen by Dr. Richard Gallaher on April 8, 2010.
(Tr. 319).  On October 26, 2010, Plaintiff was evaluated by Dr. James Phillips and had a GAF score
of 40.  (Tr. 367).  Plaintiff was evaluated on August 23, 2011 and September 19, 2011 and had GAF
scores of 52 and 53 respectively.  (Tr. 375, 400).  Although the ALJ made  reference to Plaintiff's
GAF scores, he provided no discussion or analysis of these scores.  It was the ALJ's responsibility
to properly evaluate those GAF scores and make a finding regarding their reliability as a part of the

6

underlying administrative proceeding.  *See Conklin,* 360 F. App'x at 707.  Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with schizoaffective disorder and personality disorder.

Accordingly, because the ALJ was required to evaluate these scores and provide a reason for discounting the low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue.  *See Pates-Fires,* 564 F.3d at 944-45.

### B. Credibility Determination

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  While the ALJ indicated the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 had been considered (Tr. 14), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility.[3]  To justify his decision, the ALJ provided only the following analysis:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 16).

The ALJ's focus upon Plaintiff's medical records alone was entirely inappropriate and

---

[3] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice.  *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

improper under *Polaski*. The *Polaski* factors should be considered so that the ALJ does not discount the claimant's subjective complaints based upon the medical records alone. *See Polaski,* 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them"). Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of August 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

9